**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **JAUNICE ODOM** | : |
| **2462 SKYLAND PLACE, S.E.** | : |
| **WASHINGTON, D.C. 20020** | : |
| | : |
| **AND** | : |
| | : Civil Action Number _____ |
| | : |
| **JAUNICE ODOM, ON BEHALF OF** | : |
| **HER MINOR CHILD, M.U.** | :JURY DEMAND |
| **2462 SKYLAND PLACE, S.E.** | : |
| **WASHINGTON, D.C. 20020** | : |
| | : |
| **Plaintiffs** | : |
| | : |
| **v.** | : |
| | : |
| **DISTRICT OF COLUMBIA** | : |
| **A Municipal Corporation** | : |
| **441 Fourth Street, NW** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **SERVE:** | : |
| **The Honorable Muriel Bowser** | : |
| **Executive Office of the Mayor** | : |
| **1350 Pennsylvania Avenue, NW** | : |
| **Suite 316** | : |
| **Washington, DC 20004** | : |
| | : |
| **Karl A. Racine, Attorney General for** | : |
| **The District of Columbia** | : |
| **441 4th Street, NW, Suite 650** | : |
| **Washington, DC 20001** | : |
| | : |
| **and** | : |
| | : |
| **OFFICER JOSEPH A. HUDSON** | : |
| **300 Indiana Avenue, NW** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **Defendants.** | : |

===============================

**COMPLAINT**

Plaintiff, JAUNICE ODOM, individually and on behalf of her minor child, M.U. and M.U., by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submit this Complaint against the District of Columbia and Officer Joseph A. Hudson. In support of this Complaint, plaintiffs allege the following claims: excessive force in violation of the Fourth Amendment of the United States Constitution, an unlawful seizure in violation of the Fourth Amendment of the United States Constitution, deprivation of due process rights in violation of the Fifth Amendment of the United States Constitution, assault, battery, false arrest, false imprisonment, negligence, negligent infliction of emotional distress and negligent training and supervision. In support thereof, the plaintiffs assert as follows:

**JURISDICTION**

1.      Jurisdiction for this Honorable Court to hear this action is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. §1367(a).

2.      The plaintiffs bring this action to redress the deprivation of rights secured to them by the United States Constitution, as made actionable under 42 U.S.C. § 1983, and other rights secured to them by District of Columbia Law.

3.      Venue is proper under 28 U.S.C. §1391(b) because all of the acts or omissions complained of herein and giving rise to this action occurred in the District of Columbia.

4.      On June 5, 2015, the District of Columbia was given notice of the claims pursuant to D.C. Code §12-309. Jaunice Odom has also given the District of Columbia notice of her claims.

## PARTIES

5.      Plaintiff, Jaunice Odom ("Plaintiff Odom"), is a natural person, a citizen of the United States, and a resident of the District of Columbia.

6.      M.U. is a natural person, a citizen of the United States, and a resident of the District of Columbia.

7.      M.U. is a minor and at all relevant times herein was a minor.

8.      Jaunice Odom is M.U.'s natural and legal parent and is bringing this action on her son's behalf.

9.      Defendant District of Columbia is a municipal corporation with the authority to sue and be sued.

10.     Defendant District of Columbia, among other things, is responsible for the operation of the District of Columbia Metropolitan Police Department as an agency of the local government.

11.     At all times relevant herein, Defendant District of Columbia was and is responsible for the policies, procedures, rules, regulations, and customs set forth and utilized for the supervision of all District of Columbia employees, including but not limited to District of Columbia Metropolitan Police Department's officers. Defendant District of Columbia is defendant Hudson's employer and is a proper entity to be sued under 42 U.S.C. §1983.

12.     Defendant, Joseph A. Hudson ("Defendant Hudson") is an individual that is or was, at all relevant times herein, a duly licensed District of Columbia Metropolitan Police Department officer.

13.     Defendant Hudson is being sued in his official and individual capacity.

14.     At all times relevant herein, defendant Hudson was an employee of the District of Columbia and the District of Columbia Metropolitan Police Department acting within the scope of his employment on behalf and in the interest of defendant District of Columbia and the Metropolitan Police Department.

**FACTS**

15.     On May 9, 2015, at approximately 4:00 PM, plaintiff M.U., who at the time of the incident which forms the basis for this cause of action was sixteen (16) years old, was at the Maine Avenue Wharf with his mother, Jaunice Tennile Odom ("Plaintiff Odom").

16.     On May 9, 2015, plaintiff Odom was physically assaulted by Wharf patrons Latoya Nimmons-Van Dyke and Betty Nimmons Gentry.

17.     M.U. observed Ms. Nimmons Gentry aim the crab box she held in her hand at his mother and hit her in the face.

18.     M.U. observed Ms. Van Dyke push, follow, and repeatedly strike his mother in the face with a closed fist.

19.     A District of Columbia Metropolitan Police Department officer was on the scene or responded to the area where Ms. Van Dyke and Ms. Nimmons Gentry were physically attacking plaintiff Odom.

20.     The officer, believed to be defendant Joseph A. Hudson, badge number CA8525, immediately directed his attention to M.U.

21.     A witness who observed the events, told the officer, believed to be defendant Hudson, that M.U. had not assaulted anyone.

22.     Based on the information relayed to the officer, believed to be defendant Hudson that M.U. had not assaulted anyone, defendant Hudson, without any justification or provocation

4

approached M.U. from behind, forcefully grabbed him and put his arm around M.U.'s neck and squeezed his neck, in a choke hold.

23.     The officer believed to be defendant Hudson never announced that he was a police officer prior to attacking M.U.

24.     The officer, believed to be defendant Hudson, violently threw M.U. to the ground, and restrained him by wrapping his legs around his (M.U's) body.

25.     When defendant Hudson slammed M.U. to the ground, his head hit the pavement, which caused an injury.

26.     As a result of defendant Hudson squeezing M.U.'s neck and slamming him to the ground, he lost consciousness.

27.     The aforementioned officer, believed to be defendant Hudson, handcuffed and detained M.U. for approximately twenty (20) minutes or more.

28.     M.U. did not act in an invasive or threatening manner to defendant Hudson or anyone else who had patronized the Maine Avenue Wharf.

29.     At the time of the incident M.U. was unarmed, between 5'9" and 5'10," weighed approximately one hundred and thirty (130) to one hundred and forty pounds (140), was sixteen (16) years old and no match for an adult police officer.

30.     From the time that defendant Hudson encountered M.U., who was unarmed, had neither committed any crime nor engaged in any conduct that would lead defendant Hudson or any other reasonable law enforcement official to reasonably believe that M.U. was a danger to him, any law enforcement official or any Maine Avenue Wharf patron.

31.     The officer believed to be defendant Hudson was aware that there was neither probable cause nor reasonable suspicion to restrain or detain M.U.

32.     Defendant Hudson unlawfully restrained and detained M.U. even though he had not engaged in any conduct for defendant Hudson to justify restraining or detaining him.

33.     Defendant Hudson unlawfully restrained and detained M.U. against his will.

34.     When defendant Hudson approached M.U. from behind assaulted and unlawfully restrained him, he intended to and engaged in physically offensive contact with M.U.

35.     When defendant Hudson approached M.U. from behind and with force assaulted and unlawfully restrained him, M.U. feared that he would be seriously harmed as a result of defendant Hudson's physical contact with him.

36.     At the time of the incident, M.U. has been diagnosed with hemophilia A, which is a moderate to severe form of this blood disorder.

37.     While defendant Hudson was physically assaulting M.U. he [M.U.] feared that he would be seriously injured because of defendant Hudson's assault and the extent of his injuries would be more severe because he suffers from hemophilia.

38.     M.U. suffered severe emotional trauma because defendant Hudson assaulted, restrained and detained him.

39.     Plaintiff Odom suffered from severe emotional trauma because defendant Hudson physically assaulted, restrained and detained her son.

40.     Plaintiff Odom was extremely concerned for her son, M.U.'s safety, health, medical condition and welfare.

41.     The officer, believed to be defendant Hudson, neither detained Ms. Van Dyke nor Ms. Nimmons or any other involved party who assaulted plaintiff Odom.

42.     As a result of being thrown onto the concrete by defendant Hudson, M.U. developed a hematoma on his head and internal bleeding occurred in M.U.'s elbows, head, neck and throat.

43.     Plaintiff Odom explained to defendant Hudson that her son suffered from hemophilia and needed immediate emergency medical attention.

44.     Defendant Hudson ignored Plaintiff Odom's request for immediate emergency medical attention for her son, M.U.

45.     Despite plaintiff Odom's repeated pleas for her son, M.U., to receive immediate emergency medical attention, defendant Hudson, did not request any medical attention for plaintiff Urquhart.

46.     Defendant Hudson was informed and fully aware that M.U. suffered from hemophilia. Defendant Hudson negligently failed to take immediate action provide or secure medical attention for M.U., instead he handcuffed and detained M.U. for twenty minutes.

47.     Defendant Hudson acted in a manner that was contrary to the procedures set forth by the District of Columbia and the District of Columbia Metropolitan Police Department General Orders, specifically, GO-RAR-901.07, Use of Force. Defendant Hudson immediately without justification or provocation physically attacked M.U. instead of using the minimum amount force necessary to effectively manage the incident.

48.     Defendant Hudson physically attacked M.U. with excessive force when no force was necessary because M.U. had neither committed any crime nor was he about to commit a crime.

49.     Notwithstanding the fact that M.U. had neither committed any crime nor was he about to commit any crime or the first aggressor the use of force was not warranted under the circumstances because M.U. was not passively or actively resistant.

50.    Defendant Hudson violated GO-RAR-901.07, Use of Force, due to his failure to first defuse the situation through advice, warning and verbal persuasion, but immediately escalated his actions to a physical attack.

51.    Defendant Hudson further violated GO-RAR-901.07, Use of Force, when he squeezed M.U.'s neck, including but not limited to the use of a chokehold.

52.    GO-RAR-901.07 specifically prohibits a District of Columbia Metropolitan Police Department officer from "employing any form of neck restraint, except when an imminent threat of death or serious injury exists and no other option is available." During his encounter with M.U., defendant Hudson was not subjected to imminent threat of death or serious injury and he had other options to effectively manage the incident squeezing M.U.'s neck.

53.    Plaintiff Odom and M.U. suffered from severe emotional trauma because defendant Hudson ignored her repeated pleas for her son to receive immediate medical attention and he did not call an ambulance or otherwise seek medical attention for her son, M.U.

54.    Plaintiff Odom and M.U. suffered from severe emotional trauma due to the injuries M.U. sustained as a result of being assaulted, restrained and detained by defendant Hudson.

55.    The serious emotional trauma that Plaintiff Odom and M.U. suffered as described herein was exasperated because M.U. suffers from hemophilia.

56.    Defendant Hudson did not call an ambulance for M.U., even though his injuries were the direct and proximate result of being assaulted, restrained and detained by defendant Hudson and due to M.U.'s medical condition as described herein, plaintiff Odom knew that it was critical to immediately administer the medication to treat his internal bleeding.

57.    Defendant Hudson, in violation of and as required by GO-RAR-901.07 when any level of force is used, failed to summon medical attention for M.U. for his physical injuries despite

the fact the plaintiff Odom unequivocally advised him that M.U. suffered from hemophilia and that the physical injuries he inflicted upon M.U. were life threatening.

58.  Plaintiff Odom immediately contacted M.U.'s grandmother to meet her at the Brookland Education Campus located at 1401 Michigan Avenue Northeast, Washington, DC 20017 with M.U.'s medication, factor VIII blood protein replacement, to treat his internal bleeding.

59.  Approximately fifteen (15) to twenty (20) minutes later, plaintiffs Odom and M.U. met his grandmother at the Brookland Education Campus.

60.  Plaintiff Odom administered two doses of the Factor VIII blood protein to clot the internal bleeding that occurred solely as a result of the conduct of the officer, believed to be defendant Hudson.

61.  After plaintiff Odom administered the medication used to treat M.U.'s hemophilia, she immediately went to Children's National Medical Center where M.U. was admitted for treatment.

62.  To treat the injuries M.U. sustained, medical personnel placed his arms in slings to control the internal bleeding from his elbows.

63.  Medical personnel also placed a brace on M.U.'s neck to treat suspected internal neck, throat and head bleeds and to restrict his movements to avoid further internal bleeding.

64.  As a result of being tackled onto the concrete by the officer, believed to be defendant Hudson, M.U. sustained serious injuries including acute internal bleeding, head trauma, a hematoma, and a concussion.

65.  On May 9, 2015, M.U. was admitted to Children's National Medical Center and was treated for his injuries.

66.     On May 10, 2015, M.U. was discharged from the Children's National Medical Center

67.     On May 11, 2015, M.U. was examined by his primary care physician and treated for his injuries.

68.     Defendant District of Columbia failed to discipline defendant Hudson and by its failure to take any action against defendant Hudson accepted, condoned and/or sanctioned the acts of defendant Hudson as if it authorized this officer's conduct.

69.     All of the acts committed by defendant Hudson were done knowingly, intentionally, wantonly, maliciously and/or with deliberate reckless disregard for M.U.'s federally protected rights and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, pattern, practice, decision, policy, training and supervision of defendant District of Columbia and the Metropolitan Police Department.

70.     With deliberate indifference to the rights of citizens to be free from excessive force by the police, defendant District of Columbia has accepted, condoned, tolerated ratified, and acquiesced to a dangerous environment of police brutality by failing to; conduct sufficient training or supervision with respect to the constitutional limitations on the use of force; adequately punish unconstitutional uses of force and tolerating the use of unconstitutional force.

71.     It is the longstanding widespread deliberate pattern, practice, policy and custom of defendant District of Columbia and the Metropolitan Police Department to permit police officers to use excessive force when that use is unnecessary and unjustified.

72.     It is the longstanding widespread deliberate pattern, practice, policy and custom of defendant District of Columbia and the Metropolitan Police Department to fail to supervise and

train officers in the appropriate constitutional limits on the use of force, knowing that this failure to train and supervise its officers poses a significant risk to the public.

73.     Defendant District of Columbia and the Metropolitan Police Department's lack of affirmative action to correct an officer's use of excessive force when that use is not necessary and unjustified is evident by the failure of defendant District of Columbia and the Metropolitan Police Department to suspend or terminate and retain defendant Hudson as member of the Metropolitan Police Department.

74.     The District of Columbia was fully aware of defendant Hudson's unlawful conduct and civil rights violations based on the complaint plaintiff Odom and M.U. filed.

75.     The action and/or inaction by the policy maker, defendant District of Columbia and/or the Metropolitan Police Department, and the failure to discipline defendant Hudson and other officers for excessive or unjustified use of force represents a pattern, practice, policy and custom of deliberate indifference and reckless disregard for the safety, welfare and constitutional rights of citizens of the District of Columbia.

76.     Despite all of the information available to the District of Columbia and/or the Metropolitan Police Department regarding defendant Hudson and other officers' violations of citizens' constitutional rights, the District of Columbia and/or the Metropolitan Police Department made a deliberate choice not to discipline or sanction defendant Hudson or other officers for their violations.

77.     The choice of action and/or inaction by the policy maker, defendant District of Columbia and/or the Metropolitan Police Department, establishes that the District of Columbia and the Metropolitan Police Department condoned the conduct of defendant Hudson and other officers who use excessive force when that use is not necessary and unjustified and act with

deliberate indifference and reckless disregard for the safety, welfare and constitutional rights of citizens of the District of Columbia and is complicit in the unlawful conduct and violations of citizens constitutional rights.

**COUNT I**
**VIOLATION OF PLAINTIFF ODOM AND M.U.'S RIGHTS PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION: UNREASONABLE SEIZURE AND 42 U.S.C. §1983 AGAINST HUDSON**

78.     Plaintiffs incorporate by reference paragraphs 1 through 77 as if fully set forth herein.

79.     At all relevant times herein, defendant Hudson acted under the color of law, his acts or omissions were conducted within the scope of his official duties or employment and he is a person for the purposes of 42 U.S.C. §1983.

80.     42 U.S.C. §1983 provides in part:

> Every person who, under the color of any statute, ordinance, regulation, custom,, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action of law, suit at equity or other proceeding for redress.

81.     M.U. had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, negligent infliction of emotional distress and the use of excessive force against him.

82.     Defendant Hudson's restraint and detention of M.U. was an unlawful seizure in violation of M.U.'s Fourth Amendment right to be free from unreasonable searches and seizures.

83.     Defendant Hudson detained M.U. without any probable cause, as he was not, and did not appear to be, engaging in any unlawful conduct.

84.     Defendant Hudson's unreasonable detention of M.U. was without any probable cause, as he had no reasonable, articulable suspicion of wrongdoing by M.U.

85.     Defendant Hudson's detention of M.U. was unreasonable, as there was no reason to believe that M.U. would flee the scene.

86.     Defendant Hudson seized M.U. without a legally sufficient cause or reason to stop or seize him.

87.      Defendant Hudson knew or should have known that M.U.'s Fourth Amendment right to be free from an unreasonable seizure by a police officer without probable cause was clearly established at the time this incident occurred.

88.     A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable seizures.

89.     Defendant Hudson acted unreasonably in subjecting M.U. to a prolonged detention when he was fully aware based on information from a witness that M.U. had not assaulted anyone.

90.     Defendant Hudson acted in purported compliance with a pattern, practice, custom and policy promulgated by defendant District of Columbia and/or the Metropolitan Police Department in using force against citizens who had not violated any laws.

91.     At all relevant times herein, defendant Hudson acted under the color and pretense of the statutes, ordinances, regulations, customs and usages of the District of Columbia.

92.     Defendant Hudson acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the District of Columbia knew that use of force in these circumstances was illegal under clearly established law.

93.     Defendant Hudson's conduct caused M.U. to be deprived of his civil rights that are protected under the United States Constitution.

13

94.     As a direct and proximate cause of the illegal seizure, M.U. was physically injured and M.U. and plaintiff Odom suffered extreme emotional distress.

95.     Defendant Hudson's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

96.     Defendant Hudson is liable for the violations of M.U.'s Fourth Amendment rights.

**COUNT II**
**VIOLATION OF PLAINTIFF ODOM AND M.U.'S RIGHTS PURSUANT TO THE**
**FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION:**
**UNREASONABLE SEIZURE BY EXCESSIVE FORCE AND 42 U.S.C. §1983**
**AGAINST HUDSON**

97.     Plaintiffs incorporate by reference paragraphs 1 through 96 as if fully set forth herein.

98.     At all relevant times herein, defendant Hudson acted under the color of law.

99.     Defendant Hudson seized M.U. as described herein and through the use of excessive force threw him to the ground, which caused M.U. to bang his head on the pavement, wrapped his legs around him and violently squeezed his neck.

100.     At all times relevant herein, M.U. was unarmed and did not engage in or resist defendant Hudson in any way and did not engage in any activity that put defendant Hudson or anyone else at risk of imminent harm.

101.     Despite M.U.'s complete lack of aggression towards defendant Hudson or anyone else, defendant Hudson used excessive force to seize M.U.

102.     The force defendant Hudson used to stop M.U. was disproportionate to the force necessary to seize him and M.U. would have complied with any of defendant Hudson's orders had he instructed him to do so.

103.    Defendant Hudson had no reason to believe that M.U. would not have complied with his instructions had such a request been made or that he would not have acted in a reasonable and lawful manner.

104.    At the time that defendant Hudson unlawfully assaulted, restrained, detained and used excessive force against M.U., he had a constitutional right pursuant to the Fourth Amendment of the United States Constitution to be secure from state actions which would result in unlawful searches, seizures and arrests without probable cause and to be free from excessive force being used against him.

105.    Defendant Hudson seized, restrained, detained and arrested M.U. all without probable cause to believe that M.U. had committed or was about to commit a crime.

106.    Defendant Hudson did not have a good faith or reasonable belief that probable cause existed to restrain, detain and arrest M.U.

107.    No reasonable police officer or law enforcement official, in similar circumstances, would have used the same disproportionate and excessive force used by defendant Hudson.

108.    By his actions and conduct, defendant Hudson effected an unreasonable and illegal seizure of M.U. in violation of the Fourth Amendment.

109.    Defendant Hudson's acts and omissions in unlawfully assaulting, restraining, detaining, arresting and using excessive force against M.U. violated his right to be free of an unlawful seizure, detention and arrest.

110.    Defendant Hudson's actions and use of force as described herein was objectively unreasonable in light of the facts and circumstances confronting him and violated M.U.'s Fourth Amendment rights.

111.    Defendant Hudson unlawfully seized M.U. by means of objectively unreasonable, excessive and conscious shocking force, thereby unreasonably restraining M.U. of his freedom.

112.    The force used constituted excessive force in that it could have caused death and caused serious bodily injury.

113.    The acts and omissions by defendant Hudson was the moving force behind the plaintiffs' injuries.

114.    The acts and omissions by defendant Hudson as described herein intentionally deprived M.U of his constitutional rights and caused plaintiff Odom and M.U. other damages.

115.    As a direct and proximate result of defendant Hudson's illegal seizure of M.U., he was physically injured and M.U as well as plaintiff Odom suffered extreme emotional distress.

116.    Defendant Hudson's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

117.    Defendant Hudson is liable for the violations of M.U.'s Fourth Amendment rights.

### COUNT III
### VIOLATION OF PLAINTIFF ODOM AND M.U.'S RIGHTS PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION: UNREASONABLE SEIZURE BY EXCESSIVE FORCE AND 42 U.S.C. §1983 AGAINST HUDSON

118.    Plaintiffs incorporate by reference paragraphs 1 through 117 as if fully set forth herein.

119.    At all times relevant herein, defendant Hudson was acting under the color of law.

120.    Pursuant to the Fifth Amended of the  United States Constitution and the laws of the United States, M.U. had a constitutionally protected right to be free of deprivation of life and liberty without due process of law.

121.    At the time that defendant Hudson restrained, detained, arrested and used excessive force against M.U., he had a constitutional right pursuant to the Fifth Amendment of the United States Constitution to be secure from state actions that would deprive him of life, liberty or property without due process of law.

122.    M.U. had the right to be free from governmental interference, obstruction and seizures while at the Maine Avenue Wharf.

123.    Defendant Hudson intentionally seized M.U. without legal cause or reason, and without notice.

124.    Defendant Hudson did not make a reasonable inquiry as to whether M.U. was about to engage in any illegal activity, prior to intentionally seizing him and using unreasonable excessive force.

125.    The use of force/excessive force by defendant Hudson against M.U. was unnecessary and was done carelessly and with reckless disregard for his safety and welfare.

126.    Defendant Hudson's unlawful seizure of M.U. and the unreasonable use of excessive force without any provocation or lawful reason amounts to unreasonable government interference and obstruction of M.U.'s right to be at the Maine Avenue Wharf without being subjected to an unlawful seizure and unreasonable excessive force. Therefore, defendant Hudson violated M.U.'s substantive due process rights.

127.    Rather than being afforded due process, M.U. was unreasonably deprived of his liberty to be at the Maine Avenue Wharf unimpeded, and in the process, defendant Hudson unlawfully seized and used unreasonable force against M.U.

128.    Defendant Hudson's acts and omissions in unlawfully assaulting, restraining, detaining, arresting and using excessive force against M.U. wrongfully deprived him of life and liberty without due process of law.

129.    As a direct and proximate result of the afore-mentioned constitutional violations, M.U. was physically injured and M.U. and plaintiff Odom suffered extreme emotional distress.

130.    Defendant Hudson's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

131.    Defendant Hudson is liable for the violations of M.U.'s Fifth Amendment rights.

## COUNT IV
## 42 U.S.C. §1983 MONELL CLAIMS FOR VIOLATIONS OF M.U.'S RIGHTS PURSUANT TO THE FOURTH AND FIFTH AMENDMENT CONSTITUTIONAL AGAINST THE DISTRICT OF COLUMBIA

132.    Plaintiffs incorporate by reference paragraphs 1 through 131 as if fully set forth herein.

133.    As alleged in the claims set forth in this complaint, defendant Hudson has violated M.U.'s Fourth and Fifth Amendment rights.

134.    At all relevant times herein, defendant Hudson acted under the color of law and was on duty, acting within the scope of his employment and performing law enforcement duties pursuant to the authority vested to him by the District of Columbia and the Metropolitan Police Department.

135.    Defendant District of Columbia had a duty to properly hire, train, supervise and fire, if necessary, its employees to protect the public against unreasonable dangers which would likely occur in the absence of proper training, supervision and firing.

136.    Defendant District of Columbia has a pattern, practice, policy and custom of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the requisite probable cause needed when seizing citizens.

137.    Defendant District of Columbia violated its duty to properly hire, train, supervise and suspend, fire and discipline defendant Hudson.

138.    At all relevant and material times to the instant cause of action, it was the pattern, practice, policy and custom of defendant District of Columbia, endemic to the Metropolitan Police Department, to permit its officers to use excessive force when that use was not necessary and unjustified and unlawfully seize, restrain and detain citizens of the District of Columbia.

139.    These practices and/or customs by defendant Hudson and other officers were commonplace and were knowingly or tacitly condoned by defendant District of Columbia and the Metropolitan Police Department.

140.    At all relevant times to this action, it was the pattern, practice, policy and custom of defendant District of Columbia, endemic to the Metropolitan Police Department, to condone the unjustified and unnecessary use of force as well as unlawful seizures, restraint and detentions, including but not limited to, the conduct alleged against defendant Hudson herein, through its inaction and failure to investigate or properly  investigate and pursue reports excessive force and the failure to deter such conduct by its agents through proper training, reprimand, suspension or dismissal particularly with respect to incidents involving the unjustified and unnecessary use of excessive force, seizures, restraint and detentions and complying with the Metropolitan Police Department's General Order and citizens constitutional rights.

141.    At all times relevant to this cause of action, it was the pattern, practice, policy and custom of defendant District of Columbia, endemic to the Metropolitan Police Department, to fail

to train and discipline its officers creating a situation where its unfit, untrained and undisciplined officers were certain to violate the constitutional rights of citizens of the District of Columbia and subject these citizens to, including but not limited to, unreasonable seizures, use of excessive force and deprivation of due process of law, without fear of consequence.

142.    The above-described policies and customs demonstrates a deliberate indifference on the part of policy makers of defendant District of Columbia to the constitutional rights of citizens of the District of Columbia and were the direct and proximate cause of the violations of M.U.'s rights as described and alleged herein.

143.    Defendant District of Columbia was deliberately indifferent to the widespread misconduct on the part of police officers in detaining citizens who had committed no crimes.

144.    Defendant District of Columbia was deliberately indifferent to the widespread misconduct on the part of police officers in the application of unjustified and unnecessary excessive use of force.

145.    Defendant District of Columbia was deliberately indifferent to M.U.'s right to be free from, and protected from harm by the brutality of police officers and to be secure in their bodily integrity.

146.    Defendant District of Columbia and its agent, defendant Hudson, adhered to the afore-mentioned pattern, practices, policies and customs intentionally and with deliberate indifference to the obvious inevitability that citizens of the District of Columbia such as and including M.U. would be deprived of his Fourth and Fifth Amendment constitutional rights in the manner described in the claims herein.

147.    As a result of the improper training by defendant District of Columbia, defendant Hudson was incapable of doing his job without violating the constitutional rights of citizens with whom he came into contact including M.U.

148.    Defendant District of Columbia allowed defendant Hudson to perform his job and duties without providing him with the proper training with respect to protecting the constitutional rights of M.U. and citizens of the District of Columbia with deliberate indifference to the fact that defendant Hudson was almost certain to violate the constitutional rights of M.U. and citizens of the District of Columbia.

149.    335. As a result of the above described pattern, practice, policies and customs, defendant Hudson was not suspended or fired at any time subsequent to engaging in the conduct described herein and had he been properly monitored or supervised, defendant District of Columbia should have known that he was unfit and incapable of carrying out his duties of defendant District of Columbia without violating the United States Constitution.

150.    The retention of defendant Hudson was done with deliberate indifference to the fact that he was almost certain to violate the constitutional rights of M.U. and citizens of the District of Columbia.

151.    As a result of the above-described pattern, practices, policies and customs, defendant Hudson believed that his actions would not be properly monitored by supervisory officers and that his misconduct would not be investigated or punished, but would be tolerated.

152.    Defendant Hudson was never deterred in any way from committing the constitutional violations against M.U. and defendant District of Columbia's failure to deter his conduct was done with deliberate indifference to the fact that he was almost certain to violate the constitutional rights of M.U. and citizens of the District of Columbia.

153.     As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of defendant District of Columbia, M.U. was deprived of the afore-mentioned constitutional rights in the manner described in the claims asserted and alleged herein.

154.     As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of defendant District of Columbia, it is directly liable pursuant to 42 U.S.C. §1983 for the violations of M.U.'s constitutional rights as described in the claims asserted and alleged herein.

155.     As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of defendant District of Columbia described above, M.U. has been damaged.

156.     Defendant District of Columbia's outrageous, intentional, reckless and grossly negligent unconstitutional and wrongful acts exhibit the degree of malice to warrant punitive damages.

## COUNT V
### ASSAULT-DEFENDANTS HUDSON AND THE DISTRICT OF COLUMBIA

157.     Plaintiffs incorporate by reference paragraphs 1 through 156 as if fully set forth herein.

158.     Defendant Hudson's conduct caused M.U. to hit his head on the concrete and he suffered a head injury, a concussion and other injuries.

159.     Defendant Hudson acted with the intent to cause harmful or offensive contact with M.U. and intended harmful or offensive contact did in fact occur.

160.     Defendant Hudson intentionally acted in a physically aggressive manner to create a state of fear or danger to plaintiffs Odom and M.U.

161.     Defendant Hudson's conduct as described herein caused plaintiffs Odom and M.U. to believe that M.U. was in imminent danger and that defendant Hudson would harm M.U.

162.     Plaintiffs Odom and M.U. feared for M.U.'s safety.

163.     Defendant Hudson's conduct as described herein was physically threatening and offensive to plaintiffs Odom and M.U.

164.     M.U.'s injuries and damages were proximately and solely caused by defendant Hudson's conduct as described herein without any negligence or assumption of the risk by plaintiffs Odom or M.U.

165.     Defendant Hudson is liable for the assault he committed against M.U.

166.     The District of Columbia is jointly and severally liable under the doctrine of respondeat superior for the afore-mentioned tortious acts and omissions of defendant Hudson.

## <u>COUNT VI</u>
## BATTERY-AGAINST DEFENDANTS HUDSON AND THE DISTRICT OF COLUMBIA

167.     Plaintiffs incorporate by reference paragraphs 1 through 166 as if fully set forth herein.

168.     Defendant Hudson forcefully grabbed, held, squeezed and forcibly threw M.U. to the ground and restrained him by wrapping his legs around his body and squeezing his neck without provocation or justification.

169.     Defendant Hudson initiated the physical contact and physically harmed M.U. without provocation or justification when he forcefully held his arm around M.U.'s neck and violently squeezed it.

170.     Defendant Hudson made offensive bodily contact with M.U.

171.    Defendant Hudson's unprovoked bodily contact with M.U. was offensive, unwarranted and harmful.

172.    Defendant Hudson's offensive, excessive and outrageous conduct as described herein was done to intentionally harm M.U. and without his consent.

173.    Defendant Hudson's physical contact with M.U. as described herein, caused him to sustain internal and external injuries.

174.    Defendant Hudson is liable for his actions and wrongful conduct against M.U. as described herein absent a valid or lawful basis to engage in said conduct.

175.    M.U. was injured as a direct and proximate result of defendant Hudson's harmful and offensive bodily contact against him.

176.    M.U.'s injuries and damages were proximately and solely caused by the battery defendant Hudson committed against him without any negligence or assumption of the risk by M.U.

177.    Defendant Hudson is liable for the battery he committed against M.U.

178.    The District of Columbia is jointly and severally liable under the doctrine of respondeat superior for the afore-mentioned acts and omissions of defendant Hudson.

<u>**COUNT VII**</u>
**FALSE ARREST-DEFENDANT HUDSON AND THE DISTRICT OF COLUMBIA**

179.    Plaintiffs incorporate by reference paragraphs 1 through 178 as if fully set forth herein.

180.    M.U. did not engage in any unlawful or illegal conduct while at the Maine Avenue Wharf.

181.     At the time defendant Hudson initiated contact with M.U. and physically harmed him, he had not engaged in any conduct to provoke or warrant the wrongful conduct as described herein.

182.     The unlawful and wrongful actions, restraint and detention defendant Hudson perpetrated against M.U. as described herein were committed against his will.

183.     At all relevant times herein, defendant Hudson did not have any justifiable reason to forcefully restrain or detain M.U. for any period of time.

184.     M.U. was injured and damaged as a result of defendant Hudson's actions as described herein.

185.     Defendant Hudson is directly liable for the false arrest he committed against M.U.

186.     The District of Columbia is jointly and severally liable under the doctrine of respondeat superior for the afore-mentioned acts and omissions of defendant Hudson.

## COUNT VIII
## FALSE IMPRISONMENT-DEFENDANTS HUDSON AND THE DISTRICT OF COLUMBIA

187.      Plaintiffs incorporate by reference paragraphs 1 through 186 as if fully set forth herein.

188.     Defendant Hudson initiated contact with M.U. even though he had neither committed a criminal offense nor was about to commit a criminal offense.

189.     Defendant Hudson unlawfully physically restrained and detained M.U. for an unreasonable period of time even though he knew or should have known that M.U. had neither committed a criminal offense nor was about to commit a criminal offense.

190.     False imprisonment is the nonconsensual, intentional confinement of a person, without law or privilege, for an appreciable length of time, however short.

191.    Defendant Hudson unlawfully restrained and detained M.U. against his will.

192.    Neither defendant Hudson nor any other law enforcement official charged M.U. with any criminal offense as a result of the incident which forms the basis for this action.

193.    Defendant Hudson unlawfully restrained and detained M.U. absent any cause to believe or belief that he had engaged in any unlawful conduct.

194.    Defendant Hudson is directly liable for falsely imprisoning M.U.

195.    The District of Columbia is jointly and severally liable under the doctrine of respondeat superior for the afore-mentioned acts and omissions of defendant Hudson.

### COUNT IX
### NEGLIGENCE-DEFENDANT HUDSON AND THE DISTRICT OF COLUMIA

196.    Plaintiffs incorporate by reference paragraphs 1 through 195 as if fully set forth herein.

197.    Defendant Hudson had a duty to exercise reasonable care in his interactions with M.U.

198.    Defendant Hudson failed to exercise reasonable care during his interactions with M.U.

199.    M.U. was physically harmed and suffered internal and external injuries as a result of defendant Hudson's negligent conduct.

200.    As a result of the physical harm M.U. suffered as described herein, he was damaged.

201.    Defendant Hudson's negligence caused M.U. to be subjected to physical harm, internal and external injuries, assault, battery, unlawful restraint and detention, psychological trauma and emotional distress.

202. Defendant Hudson caused and is liable for the injuries and damages M.U. sustained.

203. Defendant District of Columbia failed to act with ordinary care in failing to properly train and supervise their officers with respect to the proper procedures on, including but not limited to, restrain, detention and arrests of citizens and the use of force.

204. As a direct and proximate foreseeable result of the defendants' breach of their duty of care, M.U. was injured and plaintiff Odom and M.U. suffered damages.

205. The District of Columbia is jointly and severally liable under the doctrine of respondeat superior for the afore-mentioned acts and omissions of defendant Hudson.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-PLAINTIFFS ODOM AND M.U. AGAINST DEFENDANTS HUDSON AND THE DISTRICT OF COLUMBIA

206. Plaintiffs incorporate by reference paragraphs one 1 through 205 as if fully set herein.

207. The manner in which defendant Hudson mistreated M.U. as described herein has caused plaintiff Odom and M.U. to suffer from severe psychological trauma and emotional distress.

208. Defendant Hudson's unlawful conduct has caused plaintiffs Odom and M.U. to suffer from severe psychological trauma and emotional distress.

209. Defendant Hudson should have realized that his conduct involved an unreasonable risk of causing plaintiffs Odom and M.U. to suffer from severe psychological trauma and emotional distress.

210. Plaintiffs Odom and M.U. have suffered severe emotional distress due to the bodily injury defendant Hudson caused M.U. to endure.

211.    Plaintiffs Odom and M.U. have endured severe psychological trauma and emotional distress due to defendant Hudson's conduct.

212.    Plaintiffs Odom and M.U. have suffered and continue to suffer from severe psychological trauma and emotional distress because of defendant Hudson's conduct.

**COUNT XI**
**NEGLIGENT TRAINING, SUPERVISION AND RETENTION**
**AGAINST DEFENDANT DISTRICT OF COLUMBIA**

213.    Plaintiffs incorporate by reference paragraphs 1 through 212 as if fully set forth herein.

214.    Defendant District of Columbia failed to have adequate training and programs to safeguard citizens from being unlawfully assaulted, battered, restrained, detained and subjected negligent infliction of emotional distress.

215.    Defendant District of Columbia failed to have adequate training and programs to safeguard citizens from the unjustified and unnecessary use of force and/or excessive force, harmful, assaultive, unlawful and wrongful conduct, restraint and detention.

216.    Defendant District of Columbia had a duty to properly hire, train and supervise the police officers it employs.

217.    Defendant District of Columbia due to its failure to properly hire, train and supervise the police officers it employs and correct their abusive behavior breached its duty of care to plaintiff Odom and M.U.

218.    There is a causal relationship between the injuries suffered by plaintiff Odom and M.U. and the breach of defendant District of Columbia's duty of care.

219.     As a result of defendant District of Columbia's violation of its duty to properly train and supervise its employees, M.U. was subjected to an unlawful and wrongful assault, battery, restraint, detention and negligently injured.

220.     M.U. has been injured and damaged as a result of defendant District of Columbia's breach of its duty of care to him.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Odom:

I.     Re-pleads and re-alleges counts 1 through 220 with the same force and effect as if fully set forth herein;

II.     Requests, subject to further discovery, the right to amend this Complaint, and that the Court:

III.     That actual damages be awarded to plaintiff Odom against all defendants;

IV.     That punitive damages be awarded to plaintiff Odom against all defendants;

V.     That compensatory damages in the amount of $5,000,000.00 be awarded to plaintiff Odom against all defendants;

VI.     Attorney's fees and costs be awarded to plaintiff Odom;

VII.     Prejudgment interest be awarded to plaintiff Odom;

VIII.     All other relief this Court deems just and proper under the circumstances.

IX.     Award fees and court costs to Plaintiffs; and

X.     Award such other relief as this Honorable Court deems just and fair.

WHEREFORE, plaintiff M.U.:

I.     Re-pleads and re-alleges counts 1 through 220 with the same force and effect as if fully set forth herein;

II.     Requests, subject to further discovery, the right to amend this Complaint, and that the Court:

III.      That actual damages be awarded to plaintiff M.U. against all defendants;

IV.      That punitive damages be awarded to plaintiff M.U. against all defendants;

V.      That compensatory damages in the amount of $5,000,000.00 be awarded to plaintiff

M.U. against all defendants;

VI.      Attorney's fees and costs be awarded to plaintiff M.U.;

VII.      Prejudgment interest be awarded to plaintiff M.U.;

VIII.      All other relief this Court deems just and proper under the circumstances.

IX.      Award fees and court costs to Plaintiffs; and

X.      Award such other relief as this Honorable Court deems just and fair.

Jaunice Odom
M.U.
By Counsel

Respectfully submitted,

*/s/Billy L. Ponds*
Billy L. Ponds
Counsel for the Plaintiffs
The Ponds Law Firm
1250 24th Street, N.W.
Suite 300
Washington, D.C. 20007
Telephone Number: (202) 333-2922
E-Mail: PLFPC@aol.com

30

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

**JAUNICE ODOM, et.al.**
:
    **Plaintiffs**    :
:
    **v.**      : **Civil Action No.:_____**
:
**DISTRICT OF COLUMBIA, et.al.** :
:
    **Defendants.**   :
================================

### <u>JURY DEMAND</u>

   The plaintiffs hereby request a trial by jury of twelve (12) on all triable issues, including

the amount of damages to be awarded.

           Jaunice Odom
           M.U.
           By Counsel

           Respectfully submitted,

           <u>*/s/Billy L. Ponds*</u>
           Billy L. Ponds
           Counsel for the Plaintiffs
           The Ponds Law Firm
           1250 24th Street, N.W.
           Suite 300
           Washington, D.C. 20007
           Telephone Number: (202) 333-2922
           E-Mail: PLFPC@aol.com